UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ETHAN SCOTT BYRD,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE and JANE DOE,<br><br>    Defendants. | Case No. 1:24-cv-00629-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Ethan Scott Byrd's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1. Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient

for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

2.   **Factual Allegations**

Plaintiff is a prisoner in the legal custody of the Idaho Department of Correction and is incarcerated in Arizona. Plaintiff was arrested in September 2021. During the altercation

for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

2.   **Factual Allegations**

Plaintiff is a prisoner in the legal custody of the Idaho Department of Correction and is incarcerated in Arizona. Plaintiff was arrested in September 2021. During the altercation

leading to the arrest, the victim injured Plaintiff's knee by kicking it as hard as he could. Plaintiff claims that, upon his arrest, a police officer identified only as John Doe did not ensure that Plaintiff's knee was evaluated by medical professionals. (*Compl.*, Dkt. 3, at 5). Instead, Plaintiff was taken to the Ada County Jail.

On September 5, 2021, a jail intake nurse identified only as Jane Doe told Officer John Doe that Plaintiff's knee was swollen. The nurse ordered an x-ray. (*Id.* at 2). Plaintiff claims the nurse should have ordered an MRI at that time. The nurse also denied Plaintiff's request for a bottom bunk. (*Id.*).

Plaintiff eventually received an MRI and knee surgery, but it is unclear whether this occurred when he was in the Ada County Jail, an Idaho state prison, or the prison in Arizona in which he is presently confined.

Plaintiff asserts he was denied adequate medical treatment by the two Doe Defendants.

**3.    Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

   **A.    *Standards of Law***

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. (*Compl.* at 1). To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th

Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Though Plaintiff cites several constitutional provisions, the only one implicated by the allegations in the Complaint is the Fourteenth Amendment. Under the Due Process Clause of that amendment, pretrial detainees have a right to adequate conditions of detention, including adequate medical treatment, while they are awaiting trial. A due process violation occurs when the conditions to which the detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Conditions-of-detention claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (internal quotation marks omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of detention must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B.   *Plaintiff's Claims Appear Barred by the Statute of Limitations*

In Idaho, the statute of limitations period for § 1983 claims is two years. *See* Idaho Code § 5-219; *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985) (holding that the statute of limitations period for § 1983 claims is the statute of limitations period for personal injuries in the state where the claim arose), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Though state law governs the limitations period for filing

a § 1983 claim, federal law governs when that claim accrues or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id*.

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or paused) for a certain period of time during the period within which he should have filed the lawsuit. Pursuant to the Prison Litigation Reform Act ("PLRA"), the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

In addition to tolling under the PLRA, state tolling law applies to § 1983 actions unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975). Idaho law allows for statutory tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).

The doctrine of equitable *estoppel*, however, is available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 887 P.2d 1039, 1042 (Idaho 1994), *abrogated in part on other grounds by Day as Tr. of Tr. B of Donald M. Day & Marjorie D. Day Fam. Tr. v. Transp. Dep't*, 458 P.3d 162, 170 (Idaho 2020).

Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id*. at 1041.

The events giving rise to Plaintiff's claims occurred in September 2021, which means the statute of limitations should have expired in September 2023 (or sometime shortly thereafter if the statute is tolled for exhaustion under the PLRA). Plaintiff did not file the Complaint in this action until December 17, 2024, at the earliest (mailbox rule). Thus, the Complaint appears to have been filed over a year late. In any amended complaint, Plaintiff must explain why he believes his claims are not subject to dismissal as untimely.

### C. *Even If Timely, the Complaint Fails to State a Plausible § 1983 Claim*

The Complaint is subject to dismissal for another reason—it does not contain sufficient allegations to state a plausible claim of inadequate medical treatment. At most, the unidentified Defendants might have acted negligently in failing to ensure Plaintiff received adequate medical care, which is not enough to state a claim under the Due Process Clause. *See Castro*, 833 F.3d at 1071; *Daniels*, 474 U.S. at 332. Plaintiff may attempt to remedy this deficiency in an amended complaint.

### 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as

state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a due process claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight (28) days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: March 12, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge