UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ETHAN SCOTT BYRD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JANE DOE, Ada County Jail Intake Nurse; and BRENT KRUSE, Boise Police Officer,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00629-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Ethan Scott Byrd is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7. Plaintiff has now filed an Amended Complaint. Dkt. 9. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.　　**Motion for Appointment of Counsel**

　　　　Plaintiff seeks appointment of counsel. Dkt. 10. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel

for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL, 2017 WL 10777693, at *2 (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel.

2.     **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Factual Allegations**

Plaintiff alleges that, on September 5, 2021, his knee was severely injured during an altercation that led to state criminal charges being filed against Plaintiff. *Am. Compl*. at 8. Police Officer Brent Kruse did not immediately call medical personnel to the scene but instead took Plaintiff to the Ada County Jail.

Once at the jail, a jail intake nurse, who is identified only as Jane Doe, noticed that Plaintiff's knee was swollen and so informed Plaintiff and Kruse. Doe ordered an x-ray, but Plaintiff believes she should have ordered an MRI. Though Plaintiff claims that, over the course of the next two years, his knee continually pained him, Plaintiff includes no specific allegations against Doe and Kruse—the only named Defendants—after the initial events in September 2021.

**4.     Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The Amended Complaint is subject to dismissal for the same reasons as the initial Complaint. First, Plaintiff's claims are barred by the two-year statute of limitations. The Court previously explained to Plaintiff that his claims, which arose in September 2021, appeared untimely. *See Initial Review Order* at 5-7. The Amended Complaint does not establish that Plaintiff's initial complaint, filed in December 2024, was timely or that Plaintiff's claims are properly subject to tolling or equitable estoppel. *See id.*; Idaho Code § 5-219 (two-year statute of limitation); Idaho Code § 5-230 (tolling); *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 887 P.2d 1039, 1042 (Idaho 1994) (equitable estoppel), *abrogated in part on other grounds by Day as Tr. of Tr. B of Donald M. Day & Marjorie D. Day Fam. Tr. v. Transp. Dep't*, 458 P.3d 162, 170 (Idaho 2020).

Second, the Amended Complaint plausibly suggests—at most—that Defendants might have been negligent in failing to ensure more aggressive treatment immediately upon learning that Plaintiff's knee was injured. However, negligence is insufficient to state a due process claim for inadequate medical treatment of a pretrial detainee. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118,

1125 (9th Cir. 2018) (setting forth standard of objective deliberate indifference); *Daniels*, 474 U.S. at 332 (stating that negligence is not actionable under § 1983 because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person").

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**5.    Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 10) is **DENIED**.

2. Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is **GRANTED**.

3. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: August 7, 2025

Amanda K. Brailsford
U.S. District Court Judge